[No. 28787. Department Two. November 5, 1942.]

KING COUNTY, *Respondent,* v. WILLIAM WHITTIG, *Appellant.*[1]

[1]Reported in 130 P. (2d) 891.

*Andrew L. Ulvestad* and *Rolla V. Houghton* (*C. E. Claypool,* of counsel), for appellant.

*James W. Mifflin, B. Gray Warner,* and *Solie M. Ringold,* for respondent.

SIMPSON, J.—This suit was instituted to restrain defendant from conducting his private business of soliciting in the King county courthouse the performance of marriage ceremonies by other individuals.

After trial, the court issued its injunction, the pertinent portion of which reads:

" . . . finding that the Board of County Commissioners are by statute the custodians and managers of the County City Building and that the defendant William E. Whittig was conducting a business which was against public policy and in violation of the orders of the Board of County Commissioners; now, therefore,

"It is hereby ORDERED, ADJUDGED, and DECREED that the defendant herein, William E. Whittig, be enjoined permanently from occupying any portion of the County City Building for the purpose of private gain; and further, from intercepting, annoying, or attempting to annoy any persons in said County City Building, with the purpose of influencing them in any way concerning a marriage *creemony.*"

Defendant appeals and urges error on the part of the trial court in enjoining the defendant from occupying any portion of the county-city building for the purpose of private gain; in finding that the appellant was conducting a business against public policy; and in enjoin-

ing the defendant from attempting to influence individuals concerning the performance of marriage ceremonies.

The facts may be stated as follows: Appellant daily walked about or stood in the corridors of the county-city building in the city of Seattle and contacted couples who went to the auditor's office for the purpose of obtaining marriage licenses. The purpose of this meeting was to direct the couples to some one who would perform the marriage ceremony and divide the fee with appellant.

Appellant's business is best indicated by his business card, which reads:

"WM. E. WHITTIG
Marriage Arrangements
Any Time or Place
Civil or Ministerial

"DETAILS TO SUIT                         Headquarters
   YOUR WISHES              Second Floor, Court House
                                      Home, 612 Seventh Ave.
   Notary Public                      Main 3049"

Appellant made use of the county telephone and at times used a table in one of the offices in the conduct of his business. At times he interfered with the marriage license clerks in the performance of their duties. His income as a notary public and as a marriage solicitor amounted to fifteen hundred dollars in the year 1941.

The county commissioners ordered appellant to cease his business in the courthouse, and upon his refusal the present action was instituted.

██ Respondent maintained that appellant's actions constituted a public nuisance, and that he was using public property for personal gain without the consent and against the orders of the county commissioners. We are in agreement with this contention.

Rem. Rev. Stat., § 4056 [P. C. § 1664] provides in part as follows:

"The several boards of county commissioners are authorized and required,— . . .

"6. To have the care of the county property and the management of the county funds and business, and in the name of the county to prosecute and defend all actions for and against the county, and such other powers as are or may be conferred by law."

This statute compels the county commissioners to manage the county courthouse in the interest of the general public.

Courthouses are built and maintained at public expense and for public purposes. Appellant's business was conducted for private gain and not for the benefit of those whose business or duties called them into the county building. His conduct was improper and his business unethical. The county commissioners were entirely justified in ordering appellant to cease conducting his business in the county courthouse.

We are not called upon in this case to decide, and expressly do refrain from deciding, the power or right of county commissioners to allow individuals to use portions of the county building for public or semi-public purposes.

The judgment is affirmed.

ROBINSON, C. J., BEALS, BLAKE, and DRIVER, JJ., concur.